liCOOKS, Judge,
dissenting.
Although the hearing officer recited the proper test to determine whether McCoy carried his burden of proving by a preponderance of the evidence he suffered a work-related accident, I believe the hearing officer and the majority overlooked facts that show McCoy met his burden.
The hearing officer and the majority focus on the absence of witnesses to the accident. However, a worker’s testimony alone may be sufficient to discharge his burden of proof, provided no other evidence discredits or casts serious doubt upon the worker’s version of the incident and the worker’s testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert Int’l, Inc., 593 So.2d 357 (La.1992). The hearing officer acknowledged the testimony of McCoy’s son was consistent with that of his father, but the hearing officer disregarded his testimony because he considered it biased. The jurisprudence provides that corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses or friends. Bruno, supra; Malone & Johnson, 13 Louisiana Civil Law Treatise, Worker’s Compensation § 253 (3d ed. 1994). Moreover, if the hearing officer had consistently applied his exclusionary rule that the testimony of a relative is biased, Beverly’s testimony should have been deemed biased because she was Monroe’s daughter.
Corroboration may also be provided by medical evidence. Bruno, supra; West v. 2Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). The hearing officer and the majority claim McCoy did not complain of back pain until April 25, 1991. Although the physician who examined McCoy in the emergency room of Huey P. Long Medical Center on March 8,1991 discussed right foot discomfort in his notes and did not mention McCoy’s back pain, McCoy did inform the hospital staff of his back pain. In the record of his visit to the emergency room, under the section titled “patient complaint and nurses’ assessment,” a nurse wrote “[patient] states [he] has been having swelling of legs, back pain radiating down legs ... [right] foot sore.” McCoy should not be penalized for the examining physician’s failure to record or follow-up on all of McCoy’s complaints.
*1388 McCoy’s claim that he injured his back is supported by other medical evidence. Dr. Luke observed tenderness over the muscle area of McCoy’s back during McCoy’s office visit on April 25, 1991. On May 10, 1991, Dr. Luke recorded that McCoy continued to complain of pain in the lower lumbar area and needed an orthopaedic evaluation. After McCoy’s June 17, 1991 examination, Dr. Luke noted McCoy’s back pain was more consistent with a nerve irritation rather than a muscular irritation. Dr. Luke also testified the type of pain McCoy was experiencing was not related to his diabetes.
The majority also questions whether the objective evidence of a back injury discovered by Dr. Davidson was caused by a fall because he had been in an automobile accident before Dr. Davidson examined him. However, McCoy testified the accident occurred in 1992, which was well after he reported his back pain and pain radiating down his legs.
Given all of the evidence McCoy presented and the applicable law, I believe the hearing officer was clearly wrong in concluding McCoy failed to prove he suffered a work-related accident by a preponderance of the evidence. Therefore, I must respectfully dissent.